Seidenbach, Swab & Co. v. Denklespeil.

SEIDENBACH, SWAB & CO. *et al. v.* M. DENKLESPEIL *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Surety on receiver's bond.* A surety upon the bond of a receiver appointed by the chancery court gets into his hands a part of the trust fund. *Held:* That the court had sufficient jurisdiction of him by reason of his suretyship on said receiver's bond to make an order to act *in personam.*

FROM CROCKETT.

Appeal from the Chancery Court at Alamo. JOHN SOMERS, Ch.

E. J. & J. C. READ and D. P. READ for complainants.

E. J. READ, J., and R. S. THOMPSON for defendant.

COOKE, Sp. J., delivered the opinion of the court.

During the progress of this cause in the chancery court, one W. A. Tucker was appointed receiver in the cause, for the purpose of selling certain goods, etc., attached in said court, and executed a bond as such, condtitoned to discharge the duties of such receiver and abide by and perform the orders and decrees of the court, etc, with one R. G. Harris, E. Ellington and H. H. Maken his sureties on said bond.

Said receiver sold said goods for $1,050 and turned over the proceeds of the sale, or a portion of them, to said Ellington to indemnify him as his surety on said bond, and of which Ellington collected $500 as was made to appear to the chancellor. He thereupon made an order upon said Ellington that he forthwith pay into court said sum of $500 so received by him of said effects.

Upon said order being made, said Ellington filed a petition setting forth that he was not present at the taking of the testimony upon which said order was based, had no opportunity to cross-examine the witnesses, and setting forth a feeble denial that he had so received said money.

Thereupon the chancellor made an order suspending the former order upon said Ellington to pay said money into court, and allowed proof to be taken on all sides as well by said Ellington as any of the other parties, in regard to the matter.

Proof was taken and the matter again coming on

Seidenbach, Swab & Co. v. Denklespeil.

to be heard, and the chancellor being satisfied that said Ellengton did receive of the proceeds of the sale of the goods attached and sold by the receiver, the sum of $500, knowing the same to be a part of said fund, dismissed said petition, and reaffirmed said former order, and ordered said Ellengton peremptorily to pay said sum of $500, with interest from the time he received the same, into the office of the clerk and master within ninety days from the date of said last order. To which Ellengton excepted and appealed to this court. And this is the only question now involved in this cause.

There was no error in the action of the chancellor in this matter. The testimony fully shows that said Ellengton, by reason of his suretyship on said receiver's bond, did get into his hands this sum of $500, knowing it to be a part of said trust fund, and the court had sufficient jurisdiction of him by reason of his suretyship on said receiver's bond, and by reason of his intermeddling with the fund impounded in said court to make upon him the order to act *in personam* for the preservation of said fund.

There was no error in the order of the chancellor and it will be affirmed with costs.